1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  CONNOR ALBERT DAVIS,                  No.  2:15-cv-1594-MCE-EFB P

12              Plaintiff,

13      v.                                ORDER GRANTING IFP AND DISMISSING
                                          COMPLAINT WITH LEAVE TO AMEND
14  CDCR, et al.,

15              Defendants.

16

17          Plaintiff, a county prisoner proceeding without counsel in an action brought under 42

18  U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19  **I.    Request to Proceed In Forma Pauperis**

20          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

22  and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

23  § 1915(b)(1) and (2).

24  **II.   Screening Requirement and Standards**

25          Federal courts must engage in a preliminary screening of cases in which prisoners seek

26  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

28  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

                                          1

1   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

2   relief." *Id.* § 1915A(b).

3      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

4   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

5   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

6   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

7   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

8   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

9   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

10   U.S. 662, 679 (2009).

11      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

12   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

14   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

15   678.

16      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

18   content that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

20   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23   **III.**  **Screening Order**

24      Plaintiff names in the complaint (ECF No. 1) California Department of Corrections and

25   Rehabilitation, Yuba County Jail, Colusa County Jail, Sutter County Jail, State Hospital(s) and

26   Sacramento County Jails as defendants.   His statement of claim reads as follows: "Read class

27   action lawsuit before.  Do not have sign statements by inmates."  ECF No. 1, § IV.  The

28   complaint does not include a request for relief.   In attachments to the complaint, plaintiff lists

1   general concerns regarding religious rights, food, exercise, canteen, education, medical care, and

2   living conditions.  The complaint fails to identify any claim for relief, or link any violation of

3   plaintiff's federal or constitutional rights to any specific defendant.

4        The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the

5   allegations are too vague and conclusory to state a cognizable claim for relief.  Although the

6   Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

7   elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646,

8   649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

9   which defendants engaged in that support plaintiff's claim.  *Id.*  In addition, Rule 8(a) requires a

10  complaint to contain a demand for judgment for the relief sought.  The court cannot determine the

11  nature of the relief plaintiff seeks in this lawsuit.  To proceed, plaintiff must file an amended

12  complaint.

13       Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

14  legal theory against a proper defendant and sufficient facts in support of that cognizable legal

15  theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

16  afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

17  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

18  forth the claims and allegations against each defendant.  Any amended complaint must cure the

19  deficiencies identified above and also adhere to the following requirements:

20       Any amended complaint must identify as a defendant only persons who personally

21  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

22  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

23  constitutional right if he does an act, participates in another's act or omits to perform an act he is

24  legally required to do that causes the alleged deprivation).

25       It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

26       Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

27  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

28  /////

3

1   Any amended complaint must be written or typed so that it so that it is complete in itself
2   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
3   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
4   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
5   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
6   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
7   1967)).

8   The court cautions plaintiff that failure to comply with the Federal Rules of Civil
9   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
10   *See* E.D. Cal. L.R. 110.

11   In addition, the court notes that the following legal standards may apply to plaintiff's
12   intended claims for relief.

13   To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal
14   constitutional or statutory right; and (2) that the violation was committed by a person acting under
15   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d
16   930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
17   facts establish the defendant's personal involvement in the constitutional deprivation or a causal
18   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
19   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
20   (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
21   for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679
22   (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.
23   He must also plead facts showing how that particular person was involved in the alleged
24   violation.

25   State agencies, such as CDCR, are immune from suit under the Eleventh Amendment.
26   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66
27   F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims
28   against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity);

4

1    *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment

2    immunity extends to state agencies); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying

3    that Eleventh Amendment does not bar suits against state officials sued in their individual

4    capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their

5    official capacities).

6         A municipal entity or its departments is liable under section 1983 only if plaintiff shows

7    that his constitutional injury was caused by employees acting pursuant to the municipality's

8    policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);

9    *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic*

10   *Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff fails to state a claim against the

11   County Jails because he has not sufficiently alleged that he was injured as a result of employees

12   acting pursuant to any policy or custom of any county.  Local government entities may not be

13   held vicariously liable under section 1983 for the unconstitutional acts of its employees under a

14   theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

15        The Eighth Amendment protects prisoners from inhumane methods of punishment and

16   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

17   2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

18   support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

19   the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

20   1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement

21   claim, and only those deprivations denying the minimal civilized measure of life's necessities are

22   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

23   503 U.S. 1, 9 (1992).  Prison officials "must provide humane conditions of confinement,"

24   including "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832-33.  As

25   drafted, the complaint fails to show that plaintiff's conditions of confinement in administrative

26   segregation amounted to cruel and unusual punishment.

27        To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

28   plaintiff must establish that he had a serious medical need and that the defendant's response to

                                                    5

that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I.  Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). Four factors are

1   relevant in determining whether a prison regulation impermissibly infringes on an inmate's

2   constitutional rights: (1) whether there is a "valid, rational connection between the prison

3   regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there

4   are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact

5   accommodation of the asserted constitutional right will have on guards and other inmates and on

6   the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner*

7   *v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted).

8            The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides

9   that "no [state or local] government shall impose a substantial burden on the religious exercise of

10  a person residing in or confined to an institution," unless the government shows that the burden

11  furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-

12  1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by,

13  or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one

14  that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian*

15  *College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

16  **IV.    Summary of Order**

17           Accordingly, IT IS HEREBY ORDERED that:

18           1.  Plaintiff's request to proceed in forma pauperis (ECF No. 10) is granted.

19           2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

20  accordance with the notice to Colusa County Sheriff's Department filed concurrently herewith.

21           3.  The complaint is dismissed with leave to amend within 30 days.  The amended

22  complaint must bear the docket number assigned to this case and be titled "First Amended

23  Complaint."  Failure to comply with this order will result in dismissal of this action for failure to

24  state a claim.  If plaintiff files an amended complaint stating a cognizable claim, the court will

25  proceed with service of process by the United States Marshal.

26  Dated:  October 27, 2015.

27

28                                  EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE