UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR ALBERT DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | No.  2:15-cv-1594-MCE-EFB P<br><br><br>ORDER |

      On March 30, 2016, the Court entered judgment in favor of Defendants pursuant to its Order adopting the magistrate judge's Findings and Recommendations and dismissing the case with prejudice. ECF Nos. 28, 29.  Presently before the Court is Plaintiff's Motion to Re-Open the Case ("Motion"). ECF No. 32.  Plaintiff previously filed such a motion, which the court construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).  ECF Nos. 30, 31.  That motion was denied by order filed September 2, 2016.  ECF No. 31.  Like the prior motion, the instant motion is construed as a motion for reconsideration under Rule 60(b). So construed, the Motion is hereby DENIED.

      A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  Such a motion is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment,

1   but as a Rule 60(b) motion if filed more than twenty-eight days after judgment is entered. See
2   Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A
3   motion may be construed under Rule 59 or Rule 60 even though it is not labeled as such, or not
4   labeled at all. Taylor, 871 F.2d at 805. Since Plaintiff's Motion was filed more than twenty-eight
5   days from the entry of judgment and seeks relief from a final judgment, the Court will treat it as a
6   motion under Rule 60(b).

7   Rule 60(b) provides for reconsideration of a final judgment or any order where one of
8   more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
9   newly discovered evidence which, with reasonable diligence, could not have been discovered
10  within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an
11  opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other
12  reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these
13  grounds must be brought within a reasonable time, and no later than one year, of the entry of the
14  judgment or the order being challenged. Id. Additionally, Local Rule 230(j) requires a party filing
15  a motion for reconsideration to show the "new or different facts or circumstances claimed to exist
16  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
17  motion." E.D. Cal. Local Rule 230(j).

18  A court should be loath to revisit its own decisions unless extraordinary circumstances
19  show that its prior decision was clearly erroneous. Christianson v. Colt Indus. Operating Corp.,
20  486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which
21  "a court is generally precluded from reconsidering an issue that has already been decided by the
22  same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876
23  (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Mere
24  dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not
25  grounds for relief under Rule 60(b).  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d
26  1338, 1341 (9th Cir. 1981).  Accordingly, a district court may properly deny a motion for
27  reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v.
28  Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). The decision to grant or deny a motion for relief from

judgment pursuant to Rule 60(b) is addressed to the sound discretion of the district court. <u>Turner v. Burlington N. Santa Fe R.R.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003); <u>Harman v. Harper</u>, 7 F.3d 1455, 1458 (9th Cir. 1993).

Once again, Plaintiff has failed to meet his burden under Rule 60(b). Accordingly, Plaintiff's Motion (ECF No. 32) is DENIED.

IT IS SO ORDERED.

Dated: November 22, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE